**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK JAMES BYRNE, JR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  23-5066** |
| | : | |
| **JEFFREY SMITH,** *et al.* | : | |
| **Defendants.** | : | |

<u>**ORDER**</u>

**AND NOW**, this 13th day of August 2024, upon consideration of Plaintiff Frank James

Byrne, Jr.'s amended complaint (DI 21), it is **ORDERED**:

      1.      The amended complaint is **DEEMED** filed.

      2.      For the reasons stated in the court's memorandum, all claims against the Berks

County Jail Systems are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii), all state law claims are **DISMISSED WITHOUT**

**PREJUDICE**, and all remaining claims in the amended complaint — except for the claims as to

inadequate medical treatment against Lieutenant Davis and Sergeant Marshall — are

**DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

      3.      The Clerk of Court is **DIRECTED** to **TERMINATE** the Berks County Jail

Systems as a Defendant in this case.  The case will proceed as to Mr. Byrne's constitutional

claims of inadequate medical care under the Fourteenth Amendment against Lieutenant Davis

and Sergeant Marshall in their individual capacities.

      4.      Mr. Byrne may, if he wishes, file a second amended complaint within thirty (30)

days of the date of this order as to any claims dismissed without prejudice.  Mr. Byrne may not

reassert a claim against a Defendant that has already been dismissed with prejudice.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Mr. Byrne's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 23-5066.  Any second amended complaint shall be a complete document that does not rely on the initial complaint, the amended complaint, or any other papers filed in this case to state a claim.  <u>This means that if Mr. Byrne files a second amended complaint, he must include allegations related to his inadequate medical care claims against Lieutenant Davis and Sergeant Marshall, which have not been dismissed, if he seeks to proceed on those claims.  He does not need to make new allegations as to these claims but must reassert them.</u>  Claims that are not included in the second amended complaint will not be considered part of this case because the second amended complaint becomes the operative pleading.  Only matters alleged in the second amended complaint will be considered part of this lawsuit.  When drafting his second amended complaint, Mr. Byrne should be mindful of the Court's reasons for dismissing the claims in his amended complaint as explained in the court's memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.      The Clerk of Court is **DIRECTED** to send a copy of this order and corresponding memorandum to the Warden of the Berks County Jail System at 1287 County Welfare Road, Leesport, PA 19533.

6.      The Clerk of Court is **DIRECTED** to send Mr. Byrne a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Mr. Byrne may use this form to file his second amended complaint if he chooses to do so.

7. If Mr. Byrne does not file a second amended complaint, the Court will direct service of his amended complaint on defendants Lieutenant Davis and Sergeant Marshall only. Mr. Byrne may also notify the court that he seeks to proceed only on the inadequate medical care claims, rather than file a second amended complaint.  If he files such a notice, Mr. Byrne is reminded to include the case number for this case, 23-5066.

**MURPHY, J.**